IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

Case No. 5:14cv124

| | |
|---|---|
| BEOCARE GROUP, INC., and BEOCARE, INC. <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. MORRISSEY (individually and in his capacity as manager and/ or managing member of EM International, LLC, EM Medical, LLC, MB Health Performance, LLC, and MB Health, LLC); MEDICAL KNITTED STRUCTURES, INC.; GARRETT COOPER, (individually and in his capacity as Vice-President of Medical Knitted Structures, Inc.); EM INTERNATIONAL, LLC; EM MEDICAL, LLC; SUZANNE SERL (individually and in her capacity as Manager of EM Medical, LLC); MB HEALTH PERFORMANCE, LLC; MB HEALTH, LLC; WILLIAM SMITH; ALLIANCE LABS, LLC; AMY POWERS VALENTINE (individually and in her capacity as manager and member of Alliance Labs, LLC); STEVEN VALENTINE; PHARMACEUTICAL SALES SOLUTIONS, LLC; ROBERT THOMAS (individually and in his capacity as manager and member of Pharmaceutical Sales Solutions, LLC) <br><br> Defendants. | **CONSENT ORDER WITH REGARD TO DEFENDANT MICHAEL J. MORRISSEY** |

During the pendency of the motion by Plaintiffs BeoCare Group, Inc. and BeoCare, Inc. (collectively, "BeoCare") for a preliminary injunction, they and Defendant Michael J. Morrissey reached Agreement on the terms of a Consent Order, and, for good cause shown, their Joint Motion for Consent Order is hereby GRANTED.

WHEREAS, the Court has reviewed the Amended Complaint, supporting affidavits, and Joint Motion for Consent Order;

WHEREAS, Mr. Morrissey has consented to the terms of this Consent Order; and

WHEREAS, it further appears to the Court that granting the relief requested by Joint Motion for Consent Order would serve the public interest.

NOW, THEREFORE, IT IS AGREED AND ORDERED as follows:

1. For a period of five (5) years following entry of this Order, Mr. Morrissey, whether on behalf of himself or any other person, firm, company, corporation, partnership or commercial entity of any other kind, shall not, unilaterally or with the assistance of or by acting in concert with any other person or entity of any kind, solicit, induce, or encourage or attempt to solicit, induce, or encourage representatives of Covidien Ltd., Medline Industries, Inc., Attends Healthcare Products, Inc., Stein Mart, Inc., First Quality Enterprises, Inc., EME Medical Equipment, Cardinal Health, Shelby Elastics of North Carolina LLC, Leading Lady Company, Golda, Inc., Professional Hospital Supply, Amerinet, Inc., SCA Americas, Hartmann, USA, Inc. or Medela Inc. (collectively, the "BeoCare Customers") to purchase on behalf of any such named entity, whether from him or any such other person, firm, company, corporation, partnership or commercial entity of any other kind, any knitted medical textile consumable product or any product that is substantially similar to or competitive with any product developed, manufactured, or sold by BeoCare or its affiliates or subsidiaries. Mr. Morrissey, for a period of five (5) years following entry of this Order, shall not take any other action the purpose or probable effect of which is to cause any BeoCare Customer to purchase from any person, firm, company or corporation (other than BeoCare) any product that is

substantially similar to or competitive with any product that has been developed, manufactured, or sold by BeoCare or its affiliates or subsidiaries.

2. For a period of five (5) years following entry of this Order, Mr. Morrissey, whether on behalf of himself or any other person, firm, company, corporation, partnership or commercial entity of any other kind, shall not, unilaterally or with the assistance of or by acting in concert with any other person or entity of any kind, interfere with or attempt to interfere with the commercial relationship, if any, between BeoCare and Medical Knitted Structures; American & Efrid, LLC; Stretchline USA, De Mexico; Narroflex, Inc.; Interstate Narrow Fabrics; Shelby Elastics of NC, LLC; Northeast Knitting, Inc.; Global Trade & Logistics, Inc.; Fiber & Yarn Products, Inc.; Sapona Mfg. Company, Inc.; Jefferson Yarns, Inc.; Plastic Technology, Inc.; Hyosung Holdings, USA, Inc.; Unifi Mfg. Inc.; Buhler Quality Yarns Corp.; Dillon Yarn Corporation; United Yarn Products Company Inc.; Hickory Throwing Company Inc.; Fastenation Inc.; Textol Systems; FRA Production S.p.A.; Fox Company; Groz Beckert; Considines Textile Enterprises; Kerns-Liebers USA Textiles, Inc.; Universal Sewing Supply; Henderson Machinery Inc.; Bill's Repair Shop Inc.; DPA Equipment, Inc.; Pam Trading Corp.; Santoni, SPA; Sandonini, srl; Hickory Foundry & Machine Company/ Burris Machine Company.

3. For a period of five (5) years following entry of this Order, Mr. Morrissey, whether on behalf of himself or any other person, firm, company, corporation, partnership or commercial entity of any other kind, shall not, unilaterally or with the assistance of or by acting in concert with any other person or entity of any kind, solicit, be employed by, work as an independent contractor or consultant for, or have any

financial or commercial interest in, or disclose any Confidential Information of or about BeoCare to Tytex A/S; Faveo Healthcare; Medical Information Technology, Inc.; FRA Production S.p.A.; Xiantao Meibang Knitwear & Textile Co., Ltd.; Viecura Medical Suzhou Ltd.; Medical Knitted Structures; Pharmaceutical Sales Solutions; Alliance Labs, LLC, or Breuer Partners & Company.

4. For a period of five (5) years following entry of this Order, Mr. Morrissey, whether on behalf of himself or any other person, firm, company, corporation, partnership or commercial entity of any other kind, shall not, unilaterally or with the assistance of or by acting in concert with any other person or entity of any kind, be employed by or work as an independent contractor or consultant for, have any financial or commercial interest in, or disclose any Confidential Information of or about BeoCare to Garrett Cooper, William Smith, Robert Thomas, Amy Powers Valentine, Steven Valentine, Al Maslov, or Tom Breuer.

5. Mr. Morrissey shall not directly or indirectly misappropriate, use, or disclose BeoCare's trade secrets in violation of the North Carolina Trade Secrets Protection Act, codified at N.C. Gen Stat. Sections 66-152 *et seq.* (as amended). Mr. Morrissey likewise shall not directly or indirectly misappropriate, use, or disclose BeoCare's Confidential Information.

6. Mr. Morrissey shall identify and return any and all Confidential Information and trade secrets of BeoCare, if any, that he has in his possession, custody, or control to counsel for BeoCare without retaining any copies thereof or transferring any copies thereof to third parties within three (3) days of being served with this Order.

7. For purposes of this Order, the term Confidential Information shall mean confidential or proprietary information of BeoCare, whether in written, oral, electronic or other form, including but not limited to, information and facts concerning business plans, customers, future customers, suppliers, licensors, licensees, partners, investors, affiliates or others, training methods and materials, financial information, sales prospects, client lists, inventions, or any other scientific, technical or trade secrets of BeoCare under a condition of confidentiality, provided that Confidential Information will not include information that has been placed in the public domain by agents of BeoCare (other than as a result of any unauthorized act by Mr. Morrissey).

8. Mr. Morrissey shall return to BeoCare all company property, if any, that he has in his possession, custody, or control to counsel for BeoCare within three (3) days of being served with this Order.

9. Mr. Morrissey shall identify and return to BeoCare all correspondence with any of BeoCare's customers, prospective customers, suppliers and vendors, and competitors, including but not limited to the entities and individuals identified in Paragraphs 1-4 above, within three (3) days of being served with this Order, if copies of any such correspondence remain in his possession, custody, or control.

10. Mr. Morrissey acknowledges that the North Carolina courts have personal jurisdiction over him.

11. Mr. Morrissey shall testify truthfully in this lawsuit and in any future lawsuit by or involving BeoCare.

12. Mr. Morrissey, by no later than October 10, 2014, shall appear in Providence, Rhode Island, for a duly-noticed video-link deposition upon oral examination, during which the BeoCare's direct examination of Mr. Morrissey shall not exceed, in the aggregate, two (2) hours and any party's cross-examination of Mr. Morrissey shall not exceed, in the aggregate, thirty (30) minutes. BeoCare agrees to and shall promptly pay the reasonable costs associated with that video deposition. Provided, that such deposition shall not preclude further deposition of Mr. Morrissey in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules of this Court. Mr. Morrissey shall testify fully and truthfully as to all matters raised in any deposition.

13. This action shall remain open, but on the Court's inactive docket insofar as Michael J. Morrissey is concerned, for a period of five (5) years from the date of this Order, to ensure compliance with the terms of this Consent Order.

Signed: October 14, 2014

Richard L. Voorhees
United States District Judge

We agree to the entry of this Consent Order.

This 9th day of October, 2014.

/s/ Jonathan D. Sasser
Jonathan D. Sasser
N.C. State Bar No. 10028
Nora F. Sullivan
N.C. State Bar No. 43284
ELLIS & WINTERS LLP
P.O. Box 33550
Raleigh, North Carolina 27636
Telephone Number: (919) 865-7000
Facsimile Number: (919) 865-7010
jon.sasser@elliswinters.com
nora.sullivan@elliswinters.com
*Attorneys for BeoCare Group, Inc. and BeoCare Inc.*

/s/ Grant B. Osborne
Grant B. Osborne
N.C. State Bar No. 13316
Hayley R. Wells
N.C. State Bar No. 38465
WARD AND SMITH, P.A.
Post Office Box 2020
Asheville, North Carolina 28802-2020
Telephone: (828) 348-6017
Facsimile: (828) 348-6077
gbo@wardandsmith.com
hrw@wardandsmith.com
*Attorneys for Michael J. Morrissey*