IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

Case No. 5:14cv124

| | |
|---|---|
| BEOCARE GROUP, INC., and BEOCARE, INC. <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. MORRISSEY (individually and in his capacity as manager and/ or managing member of EM International, LLC, EM Medical, LLC, MB Health Performance, LLC, and MB Health, LLC); MEDICAL KNITTED STRUCTURES, INC.; GARRETT COOPER, (individually and in his capacity as Vice-President of Medical Knitted Structures, Inc.); EM INTERNATIONAL, LLC; EM MEDICAL, LLC; SUZANNE SERL (individually and in her capacity as Manager of EM Medical, LLC); MB HEALTH PERFORMANCE, LLC; MB HEALTH, LLC; WILLIAM SMITH; ALLIANCE LABS, LLC; AMY POWERS VALENTINE (individually and in her capacity as manager and member of Alliance Labs, LLC); STEVEN VALENTINE; PHARMACEUTICAL SALES SOLUTIONS, LLC; ROBERT THOMAS (individually and in his capacity as manager and member of Pharmaceutical Sales Solutions, LLC) <br><br> Defendants. | CONSENT ORDER WITH REGARD TO DEFENDANTS GARRETT COOPER AND MEDICAL KNITTED STRUCTURES, INC. <br><br> FILED <br> CHARLOTTE, NC <br><br> MAR 2 3 2016 <br><br> U.S. DISTRICT COURT <br> WESTERN DISTRICT OF NC |

On December 17, 2015, Plaintiffs BeoCare Group, Inc. and BeoCare, Inc. (collectively, "BeoCare") and Defendants Garrett Cooper and Medical Knitted Structures, Inc. ("MKS") mediated the claims among them and reached Agreement on the terms of a Consent Order. For good cause shown, their Joint Motion for Consent Order is hereby GRANTED.

WHEREAS, the Court has reviewed the Amended Complaint, supporting affidavits, and Joint Motion for Consent Order;

WHEREAS, Mr. Cooper and MKS have consented to the terms of this Consent Order; and

WHEREAS, it further appears to the Court that granting the relief requested by Joint Motion for Consent Order would serve the public interest.

NOW, THEREFORE, IT IS AGREED AND ORDERED as follows:

1. For a period of five (5) years following entry of this Order, Mr. Cooper and MKS, whether on behalf of themselves or any other person, firm, company, corporation, partnership or commercial entity of any other kind, shall not, unilaterally or with the assistance of or by acting in concert with any other person or entity of any kind, solicit, induce, or encourage or attempt to solicit, induce, or encourage representatives of Covidien Ltd., Medline Industries, Inc., Attends Healthcare Products, Inc., Stein Mart, Inc., First Quality Enterprises, Inc., EME Medical Equipment, Cardinal Health, Leading Lady Company, Golda, Inc., Professional Hospital Supply, Amerinet, Inc., SCA Americas, Hartmann, USA, Inc. or Medela Inc. (each, a "BeoCare Customer") to purchase on behalf of any such named entity, whether from them or any such other person, firm, company, corporation, partnership or commercial entity of any other kind, any product that is substantially similar to or competitive with any product advertised for sale on BeoCare's website as of the date of this Order. Mr. Cooper and MKS, for a period of five (5) years following entry of this Order, shall not take any other action the purpose or probable effect of which is to cause any BeoCare Customer to purchase from any person, firm, company or corporation (other than BeoCare) any product that is

substantially similar to or competitive with any product advertised for sale on BeoCare's website as of the date of this Order.

2. For a period of five (5) years following entry of this Order, Mr. Cooper and MKS, whether on behalf of themselves or any other person, firm, company, corporation, partnership or commercial entity of any other kind, shall not, unilaterally or with the assistance of or by acting in concert with any other person or entity of any kind, interfere with or attempt to interfere with the commercial relationship, if any, between BeoCare and American & Efrid, LLC; Stretchline USA, De Mexico; Narroflex, Inc.; Interstate Narrow Fabrics; Northeast Knitting, Inc.; Global Trade & Logistics, Inc.; Fiber & Yarn Products, Inc.; Sapona Mfg. Company, Inc.; Jefferson Yarns, Inc.; Plastic Technology, Inc.; Hyosung Holdings, USA, Inc.; Unifi Mfg. Inc.; Buhler Quality Yarns Corp.; Dillon Yarn Corporation; United Yarn Products Company Inc.; Hickory Throwing Company Inc.; Fastenation Inc.; Textol Systems; FRA Production S.p.A.; Fox Company; Groz Beckert; Considines Textile Enterprises; Kerns-Liebers USA Textiles, Inc.; Universal Sewing Supply; Henderson Machinery Inc.; Bill's Repair Shop Inc.; DPA Equipment, Inc.; Pam Trading Corp.; Santoni, SPA; Sandonini, srl; Hickory Foundry & Machine Company/ Burris Machine Company. This paragraph shall not be construed to prohibit Mr. Cooper or MKS from transacting business with these entities. This paragraph is intended only to prevent Mr. Cooper and MKS from interfering with, or attempting to interfere with, the relationship between BeoCare and these entities.

3. For a period of five (5) years following entry of this Order, Mr. Cooper and MKS, whether on behalf of themselves or any other person, firm, company, corporation, partnership or commercial entity of any other kind, shall not, unilaterally or

with the assistance of or by acting in concert with any other person or entity of any kind, employ or have any financial or commercial relationship with Michael J. Morrissey.

4. Mr. Cooper and MKS shall not directly or indirectly misappropriate, use, or disclose BeoCare's trade secrets in violation of the North Carolina Trade Secrets Protection Act, codified at N.C. Gen Stat. Sections 66-152 *et seq.* (as amended). Mr. Cooper and MKS likewise shall not directly or indirectly misappropriate, use, or disclose BeoCare's Confidential Information.

5. For purposes of this Order, the term Confidential Information shall mean confidential or proprietary information of BeoCare, whether in written, oral, electronic or other form, including but not limited to, information and facts concerning business plans, customers, future customers, suppliers, licensors, licensees, partners, investors, affiliates or others, training methods and materials, financial information, sales prospects, client lists, inventions, or any other scientific, technical or trade secrets of BeoCare under a condition of confidentiality, provided that Confidential Information will not include information that has been placed in the public domain by agents of BeoCare (other than as a result of any unauthorized act by Michael J. Morrissey).

6. Mr. Cooper and MKS acknowledge that the North Carolina courts have personal jurisdiction over them.

7. This action shall remain open, but on the Court's inactive docket insofar as Defendants Garrett Cooper and Medical Knitted Structures, Inc. are concerned, for a period of five (5) years from the date of this Order, to ensure compliance with the terms of this Consent Order.

UNITED STATES DISTRICT JUDGE

We agree to the entry of this Consent Order.

This 18th day of March, 2016.

/s/ Jonathan D. Sasser
Jonathan D. Sasser
N.C. State Bar No. 10028
Nora F. Sullivan
N.C. State Bar No. 43284
ELLIS & WINTERS LLP
P.O. Box 33550
Raleigh, North Carolina 27636
Telephone Number: (919) 865-7000
Facsimile Number: (919) 865-7010
jon.sasser@elliswinters.com
nora.sullivan@elliswinters.com
*Attorneys for BeoCare Group, Inc. and BeoCare Inc.*


/s/ Marcus S. McGee
Marcus S. McGee
N.C. State Bar No. 25343
TIN, FULTON, WALKER & OWEN, PLLC
301 East Park Avenue
Charlotte, NC 28203
Telephone Number: (704) 338-1220
Facsimile Number: (704) 338-1312
smcgee@tinfulton.com

*Attorney for Defendant Garrett Cooper*

/s/ Gary W. Jackson
Gary W. Jackson
N.C. State Bar No. 13976
THE JACKSON LAW GROUP, PLLC
225 E. Worthington Avenue, Suite 200
Charlotte, NC 28203
Telephone Number: (704) 247-3247
Facsimile Number: (704)248-4645
gjackson@ncadvocates.com

*Attorney for Defendant Medical Knitted Structures, Inc.*